IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Faleh Hassan Al-Maleki,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan,<br><br>                Respondent. | No. CV-14-00713-PHX-SPL (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, through counsel, has filed a motion to stay the habeas corpus proceedings while he attempts to exhaust his state remedies. (Doc. 11.) Respondents do not oppose a stay of the proceedings while Petitioner's appeal of the denial of his petition for post-conviction relief is pending in the state courts. (Doc. 12 at 6.) As set forth below, the Court recommends granting Petitioner's motion to stay.

**I.     Factual and Procedural Background**

     **A.     Charges, Trial, and Sentencing**

On December 17, 2009, Petitioner was indicted on the following five counts: (1) first-degree murder, a class one dangerous felony (Count One); (2) attempted first-degree murder, a class two dangerous felony (Count Two); (3) aggravated assault, a class three dangerous felony (Count Three), and (4) two counts of leaving the scene of a serious injury accident (Counts Four and Five). (Doc. 10, Exs. B.)

On Count One, the jury convicted Petitioner of the lesser-included offense of second-degree murder and found that the offense was dangerous. (Doc. 10, Ex. E.) The

jury also convicted Petitioner of Counts Three, Four and Five, but acquitted him of Count Two, attempted first-degree murder. (*Id.*) The jury found the following aggravating factors: (1) as to Count One, the offense involved multiple victims; and (2) as to Count three, the offense involved the infliction or threatened infliction of serious physical injury, the offense caused physical, emotional, or financial harm to the victim, and the offense involved multiple victims. (Doc. 10, Ex. F.)

On April 15, 2011, the court sentenced Petitioner to the presumptive term of sixteen years' imprisonment on Count One, an aggravated term of fifteen years' imprisonment on Count Three, and two presumptive, concurrent terms of three-and-one-half years' imprisonment on Counts Four and Five. (Doc. 10, Ex. G.) The trial court ordered the sentences on Counts One and Three to run consecutively to each other and consecutively to the concurrent terms of imprisonment on Counts Four and Five. (*Id.*) Petitioner received 533 days of presentence incarceration credit. (*Id.*)

### B. Direct Appeal

On May 4, 2011, Petitioner's counsel filed a notice of appeal. (Doc. 10, Exh. I.) On February 6, 2012, counsel filed a notice with the Arizona Court of Appeals indicating that he had searched the record on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), but was unable to find a question of law that was not frivolous to raise on Petitioner's behalf. (Doc. 10, Ex. J.) Counsel also filed a motion for leave to allow Petitioner to file a supplemental pro se brief. (Doc. 10, Ex. K.)

On March 21, 2012, Petitioner's current counsel, Michael Kimerer, filed a notice of appearance in the court of appeals, "entering his appearance on behalf of Faleh Hassan Almaleki" and directing that "[a]ny further correspondence should be directed to counsel at the above address." (Doc. 10, Ex. L.) On July 20, 2012, Petitioner filed a supplemental opening brief raising two issues: (1) whether the court erred by denying Petitioner's motion to dismiss Counts Two and Five when there was only one accident, but two discrete victim impacts within that scene; and (2) whether the trial court should

have given a jury instruction concerning Ariz. Rev. Stat. § 13-71(D)(9), physical, emotional, or financial harm to the victim. (Doc. 10, Ex. M at iv.)

On March 5, 2013, the court of appeals issued a memorandum decision vacating Petitioner's conviction and sentence on Count Five, leaving the scene of an accident, as duplicitous to Count Four, and affirmed Petitioner's other convictions and sentences. (Doc. 10, Ex. R.)

### C. Post-Conviction Proceeding

On September 27, 2013, Petitioner's counsel Kimerer filed a notice of appearance in the Maricopa County Superior Court entering his "appearance on behalf" of Petitioner. (Doc. 10, Ex. U.) On October 9, 2013, Petitioner's counsel filed a motion for leave to file an untimely notice of post-conviction relief, pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, and an untimely notice of post-conviction relief. (Doc. 10, Ex. V.) Petitioner acknowledged that the notice of post-conviction relief was untimely, but argued that the untimeliness should be excused because counsel never received a copy of the appellate court's mandate. (*Id.*) Although the court had not yet ruled on the motion to file an untimely notice of post-conviction relief, on May 5, 2014, Petitioner filed a petition for post-conviction relief asserting several claims of ineffective assistance of trial counsel. (Doc. 10, Exs. W and X.)

On June 6, 2014, the trial court dismissed Petitioner's notice of post-conviction relief as untimely. (Doc. 10, Ex. Z.) Specifically, the trial court found that Petitioner could not raise a claim of ineffective assistance of counsel in an untimely petition for post-conviction relief under Rules 32.4(a) and 32.1(d), (e), (f), (g), or (h). On July 7, 2014, Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 10, Ex. AA.) The docket for the Arizona Court of Appeals indicates that the petition for review was "at issue" as of August 29, 2014.

### D. Petition for Writ of Habeas Corpus

On April 4, 2014, Petitioner filed a Petition for Writ of Habeas Corpus (Petition) pursuant to 28 U.S.C. § 2254 asserting the following four grounds for relief: (1) trial

counsel "should have more fully explored the superseding cause defense" and consulted an expert to give an opinion on superseding cause; (2) trial counsel "did not properly and timely notice the defense of superseding cause," pursuant to Ariz. R. Crim. P. 15.2; (3) trial counsel did not request the appropriate jury instruction on superseding cause; and (4) trial counsel did not adequately cross-examine the medical examiner with facts contained in the discovery. (Doc. 1 at 19-23.) Respondents filed an answer asserting that the Petition should be denied because all of Petitioner's claims are unexhausted and procedurally defaulted. (Doc. 10.) Petitioner then filed a motion to stay the habeas corpus proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).[1] (Doc. 11.)

## II. Exhaustion of State Remedies

Before the federal court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner has not exhausted state court remedies if he has a state appeal or post-conviction proceeding pending at the time he files a petition for writ of habeas corpus in federal court. *Sherwood v. Tomkins*, 716

---

[1] Petitioner also argues that *Martinez v. Ryan*, _ U.S. __, 132 S. Ct. 1309 (2012) supports his motion to stay these proceedings. (Doc. 11 at 6-8.) As set forth below, *Martinez* does not apply to the issue of whether to stay this proceeding. Generally, any errors of counsel during the post-conviction proceedings cannot serve as a basis for cause to excuse a petitioner's procedural default of other claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). However, in *Martinez*, the Supreme Court established a limited exception to this general rule. The Court held that the ineffective assistance of post-conviction counsel "at initial-review collateral review proceedings" — while not stating a constitutional claim itself — may establish cause to excuse procedural default of claims of ineffective assistance of trial counsel when a post-conviction proceeding represents the first opportunity under state law for a petitioner to litigate such claims. *Id.* at 1315.

Because *Martinez* does not apply to whether the district court should stay a § 2254 proceeding to allow a petitioner to exhaust his state remedies, the Court does not further address Petitioner's *Martinez* argument at this time. However, the Court notes that because Petitioner's current counsel, Kimerer, was also Petitioner's counsel during post-conviction proceedings, counsel appears to have a conflict of interest if he intends to rely on *Martinez* to argue that a procedural default should be excused based on post-conviction counsel's ineffective assistance. *See Huebler v. Vare*, 2014 WL 1494271, at *2 (D. Nev. Apr. 15, 2014) (stating that counsel's conflict is "real, actual, and current" when habeas counsel is under an obligation under *Martinez* to review the performance of post-conviction counsel when current counsel was on the state post-conviction counsel team).

F.2d 632, 634 (9th Cir. 1983) (dismissing habeas corpus petition as prematurely filed when appeal of his conviction was pending); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (stating that state prisoner had not exhausted state remedies where post-conviction proceeding was pending in state courts); *Martineau v. Elliot*, 2008 WL 3582811, *1 (D. Ariz., Aug. 13, 2008) (dismissing habeas corpus petition as premature when the petitioner had a post-conviction petition pending in the state court).

Petitioner's notice of post-conviction relief was pending in the trial court when he filed his Petition in this Court, and his petition for review from the trial court's dismissal of his notice of post-conviction relief as untimely is currently pending in the Arizona Court of Appeals.[2]  Accordingly, Petitioner has not exhausted his state remedies.  *See Sherwood*, 716 F.2d at 634.  Petitioner asserts that, although he has not exhausted his claims, he protectively filed the Petition on April 4, 2014 because the statute of limitations for filing a federal petition for writ of habeas corpus was about to expire and the state court had not yet determined whether his notice of post-conviction relief should be considered timely filed.  (Doc. 11 at 2.)

### III.     The AEDPA Limitations Period

The Anti-terrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  That period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period is tolled during the time that a "*properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis added).  An untimely application for post-conviction relief is not properly filed and does not toll the limitations period.  *See Pace v. Diguglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely

---

[2] The Court visited the Arizona Court of Appeals website on November 6, 2014 and confirmed that the petition for review (1 CA-CR 14-0441) remains pending.

under state law, 'that [is] the end of the matter' for purposes of § 2244 (d)(2)."); *see also Allen v. Siebert*, 552 U.S. 3, 7 (2007) (an untimely petition for post-conviction relief was not "properly filed" for purposes of tolling the AEDPA limitations period).

On March 5, 2013, the Arizona Court of Appeals issued its memorandum decision. (Doc. 10, Ex. Q.) Petitioner then had thirty days in which to file a petition for review in the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.19(a) (stating that "[w]ithin 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the Clerk of the Supreme Court."). Petitioner did not file a petition for review within that thirty day period. (Doc. 1 at 1-2.) Accordingly, Petitioner's convictions became final on April 5, 2013, when the time for filing a petition for review of the Arizona Court of Appeals' decision to the Arizona Supreme Court expired. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (a petitioner's conviction was final on direct review upon the expiration of the time for seeking review of the court of appeals decision in the Arizona Supreme Court); *Gonzalez v. Thaler,* ___ U.S. ___, 132 S. Ct. 641, 656 (2012) (for a state prisoner who does not seek review in the State's highest court, the judgment becomes "final" on the date the time for seeking such review expires).

Thus, the AEDPA statute of limitations commenced on April 6, 2013 and Petitioner's federal habeas corpus petition was due one year later. On October 9, 2013, after the deadline for filing a notice of post-conviction relief had expired, *see* Ariz. R. Crim. P. 32.4(a), Petitioner filed a notice of post-conviction relief and a motion for leave to file an untimely notice of post-conviction relief. (Doc. 10, Ex. V.) Before the state court ruled on that motion, Petitioner protectively filed the pending Petition in this Court on April 4, 2014. (Doc. 1.) Petitioner asserts that although he had attempted to file a notice of post-conviction relief to exhaust his state remedies, he did not know whether the state court would grant him leave to file an untimely notice of post-conviction relief. Accordingly, as the one-year limitations period was nearing expiration (absent statutory tolling), Petitioner filed the pending Petition.

### IV. Stay and Abeyance

Petitioner asks the Court to stay this proceeding and hold it in abeyance until he has exhausted his claims in state court under *Rhines v. Weber*, 544 U.S. 256 (2005). (Doc. 11.) Under *Rhines*, a district court has limited discretion to hold in abeyance a habeas petition containing *both exhausted and unexhausted* claims (a mixed petition) to allow a petitioner to exhaust his claims while the federal proceedings are stayed. *Rhines*, 544 U.S. at 277. Stay and abeyance are appropriate only when (1) there is good cause for petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Id.* at 277-278. Because the Petition contains only unexhausted claims, *Rhines* does not appear to apply to this case. *See Rhines*, 544 U.S. at 271. ("We confront here the problem of a "mixed" petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not."); *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (discussing the propriety of staying and abeying a "mixed" petition).

However, after *Rhines*, in *Pace*, 544 U.S. at 414, the Supreme Court, in dicta, stated that petitioners who are "reasonably confused" about their state's timeliness rules may file "protective" petitions in federal court and ask the court to stay and abey the federal habeas corpus proceedings under *Rhines* until the state remedies are exhausted. *Id.* at 416. The Court explained that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). As previously discussed, *Rhines*, which the *Pace* Court cites, involved a "mixed" petition. Accordingly, it is not clear whether the Court's dicta in *Pace* extended the stay and abey procedure to petitions that contain only unexhausted claims. The Ninth Circuit has not addressed this issue.

However, in *Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009), the Third Circuit discussed *Pace* and noted that the suggestion that a petitioner could protectively file a petition and then ask the district court to stay and abey the federal habeas proceeding, did not indicate that that procedure applied only to mixed petitions. *Id*. at 191. The Third Circuit found that "a distinction between mixed and non-mixed petitions would make no sense in the context of granting a stay to avoid penalizing a prisoner for reasonable confusion about state court filing requirements. In that scenario, a prisoner could be equally subject to the dilemma described in *Pace*, whether his proposed AEDPA petition was mixed or contained only unexhausted claims." *Id*. Thus, the Third Circuit held that *Pace* "opened the door to utilizing the stay and-abeyance procedure in at least some limited circumstances beyond the presentation of a mixed petition." *Id.* The court remanded the case to the district court to determine whether the petitioner met the three requirements to support his motion to stay.

The Court finds the Third Circuit's discussion in *Heleva* persuasive. However, because Respondents do not oppose applying the stay and abey procedure in this case (Doc. 12), the Court does not need to resolve whether *Pace* extended the stay and abey procedure to petitions, such as the one before the Court, containing only unexhausted claims. However, the Court notes that a refusal to apply the stay and abey procedure would lead to the dismissal of the Petition as prematurely filed because all of Petitioner's claims are unexhausted and his post-conviction proceeding is still pending, and could impair Petitioner's right to seek federal habeas corpus relief in a future petition because it appears that the statute of limitations has expired.

Furthermore, Petitioner argues that each of the three *Rhines* factors are satisfied in this matter, and the State, without conceding good cause for the failure to exhaust or that the unexhausted claims are meritorious, does not object to a stay of these proceedings. Accordingly, the Court recommends that the habeas corpus proceeding be stayed and held in abeyance pending the exhaustion of Petitioner's claims in the state courts.

However, the Petition should not be held in abeyance indefinitely. If the district court adopts the Report and Recommendation, it is recommended that, no later than thirty days after the date of service of the district court's order adopting this Report and Recommendation, Petitioner must inform the Court of the status of his proceedings in state court. It is further recommended that Petitioner be required to diligently pursue his state remedies and, every ninety days after the filing of the initial status report, file a new report regarding the status of his state court proceedings. It is further recommended that Petitioner be advised that failure to comply with these instructions will result in the Court vacating the stay and may result in dismissal for failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Motion for Stay of Habeas Corpus Proceedings be **GRANTED**. (Doc. 11.)

**IT IS FURTHER RECOMMENDED** that if the district court adopts the Report and Recommendation, no later than thirty days after the date of service of the district court's order adopting this Report and Recommendation, Petitioner must inform the Court of the status of his proceedings in state court. Petitioner must diligently pursue his state remedies, and every ninety days after the filing of the initial status report Petitioner must file a new report regarding the status of his state court proceedings. Failure to comply with these instructions will result in the Court vacating the stay and may result in dismissal for failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b)

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and

Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 7th day of November, 2014.

*Bridget S. Bade*
Bridget S. Bade
United States Magistrate Judge