IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Faleh Hassan Al-Maleki,<br><br>    Petitioner,<br>v.<br><br>Charles L. Ryan, et al,<br><br>    Respondents. | No. CV-14-00713-PHX-SPL<br><br>**ORDER** |

   The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), Respondents' Limited Answer (Doc. 49), and Petitioner's Traverse (Doc. 54). We also have before us the Report and Recommendation (R&R) of United States Magistrate Judge Bridget S. Bade (Doc. 55), recommending denial of the Petition, Petitioner's timely Objections (Doc. 58), and the Respondents' Response to the Petitioner's Objections to the Report and Recommendation (Doc. 59).

   Petitioner was indicted, December 17, 2009, on five counts: first degree murder (Count 1); attempted first-degree murder (Count 2); aggravated assault (Count 3); and leaving the scene of a serious injury accident (Counts 4 and 5) (Doc. 10, Ex. B).[1] Finding several aggravating factors, the jury convicted the Petitioner of second degree murder which is the lesser included offense of Count 1 (Doc. 10, Ex. E). The Petitioner was also convicted of Counts 3-5 and acquitted on Count 2 (Id).

---

[1] The Respondents filed (Doc. 10), before the case was stayed. The Limited Answer is (Doc. 49).

The Petitioner was sentenced to a presumptive 18 year prison term for Count 1, a 15 year prison term for Count 3, and two presumptive, concurrent, 3.5 year prison terms on Counts 4 and 5 (Doc. 10, Ex. G). The trial court ordered consecutive sentencing on Counts 1 and 3 and consecutively to the concurrent terms of prison for Counts 4 and 5 (Id).

The Petitioner raises 4 grounds for relief in his Petition for Writ of Habeas Corpus. In *Ground 1*, the Petitioner argues that his trial counsel was ineffective because counsel did not consult an independent expert; *Ground 2*, the Petitioner argues the trial counsel was ineffective because counsel did not properly and timely notice the defense of superseding cause pursuant to Ariz. R. Crim. P. 15.2; *Ground 3*, the Petitioner argues trial counsel was ineffective because counsel failed to request the appropriate jury instruction relative to superseding cause; and *Ground 4*, the Petitioner argues the trial counsel was ineffective because counsel failed to adequately cross examine the medical examiner with facts contained in the discovery (Doc. 1 at 19-24). Respondents argue that the claims of the Petitioner are unexhausted, procedurally defaulted and that the Petition should be denied (Doc. 49).

Judge Bade concluded the Petitioner's claims are procedurally barred from federal habeas corpus review (Doc. 55). Additionally, the magistrate judge further concluded that the Petitioner has not established a basis to overcome that bar (Id).

In his Objections to the Report and Recommendation, Petitioner articulated his displeasure with Judge Bade's findings and conclusions (Doc. 58 at 1-5). The Petitioner also repeats the same arguments that were laid out in the Petition (Doc. 1 at 19-24) and Traverse (Doc. 54 at 1-6).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See*

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court finds that although the Petitioner filed objections (Doc. 54), he failed to provide specific written objections to the findings and recommendations in the R&R. Nonetheless, the Court has undertaken an extensive review of the sufficiently developed record and the objections to the findings and recommendations in the very detailed R&R, without the need for an evidentiary hearing.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Bade. Specifically, the Court finds the claims of the Petitioner are procedurally barred from federal habeas corpus review. Additionally, the Petitioner has failed to establish a basis to overcome that bar.

Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. Finding none of Petitioner's objections have merit, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 55) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 58) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain

procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 25th day of August, 2017.

_____
Honorable Steven P. Logan
United States District Judge